11-1310-cv
*Martin v. Hartford Life & Accident Ins. Co.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

——————————————————————————————

AMANDA D. MARTIN,

>*Plaintiff-Appellant,*

> v.                                               No. 11-1310-cv

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

>*Defendant-Appellee.*

——————————————————————————————

For Plaintiff-Appellant:        IRVING PHETERSON, Pheterson & Pheterson, Rochester, N.Y.

For Defendant-Appellee:       MICHAEL H. BERNSTEIN (John T. Seybert, *on the brief*), Sedgwick LLP, New York, N.Y.

Appeal from judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the district court is **VACATED** and the case **REMANDED** with instructions to return the case to the Defendant-Appellee for reconsideration in light of this order.

Plaintiff-Appellant Amanda Martin ("Martin") appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*), entered March 16, 2011, denying Martin's motion for summary judgment in connection with her claim pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA"), and granting the motion for summary judgment of Defendant-Appellee Hartford Life and Accident Insurance Company ("Hartford"). Martin argues principally that the district court erred in upholding Hartford's decision that Martin's claim for accidental death benefits under the employee welfare benefit plan sponsored by her decedent husband's then-employer falls within the plan's exclusion for an "intentionally self-inflicted Injury."[1] We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

"We review decisions granting or denying summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party, and asking whether the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 137 (2d Cir. 2010) (internal quotation marks, brackets, and citations omitted). The ERISA plan at issue here grants Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of The Policy." Accordingly, our review is limited to abuse of

---

[1] We note that only Martin's claim for $81,000 in accidental death benefits is at issue in this appeal. There is no dispute regarding the $162,000 in life insurance benefits that Martin has received.

discretion. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008). Because Hartford, however, is "an ERISA-fund administrator that 'both evaluates claims for benefits and pays benefits claims,'" we weigh that conflict of interest as a factor in determining whether there is an abuse of discretion. *Durakovic*, 609 F.3d at 138 (quoting *Glenn*, 554 U.S. at 112); *see also Glenn*, 554 U.S. at 115–19.

Hartford argues before this Court (and argued before the district court) that when Martin's husband electrically shocked himself, he *intended* to injure himself, and therefore that *any* injury (even an unintended one) resulting from that act falls within the policy exclusion for intentionally self-inflicted injuries.[2] While this interpretation of the policy exclusion differs from our approach in *Critchlow v. First UNUM Life Insurance Co.*, 378 F.3d 246 (2d Cir. 2004), Hartford's interpretation may be a permissible reading of the policy's language, which would require our deference.[3] We need not decide the question here, however, because this interpretation was not the reason Hartford gave for its denial of Martin's claim.

---

[2] According to the district court, the decedent "applied household current to his body through [a] homemade wire and switch device," a conclusion that is supported by the administrative record.

[3] We note that Hartford's interpretation has been accepted by other courts in analogous circumstances. *See, e.g.*, *Bond v. Ecolab, Inc.*, No. 06-15072, 2007 WL 551595, at *5 (E.D. Mich. Feb. 21, 2007) (holding that an ERISA plan administrator did not abuse its discretion in concluding that the decedent's death, which resulted from autoerotic asphyxiation, was an intentionally self-inflicted injury) (citing *Fawcett v. Metro. Life Ins. Co.*, No. C-3-97-540, 2000 WL 979994, at *6 (S.D. Ohio June 28, 2000)); *Holsinger v. New Eng. Mut. Life Ins. Co.*, 765 F. Supp. 1279, 1282 (E.D. Mich. 1991) (holding that a death resulting from ingestion of codeine was an intentionally self-inflicted injury because the decedent intentionally ingested the drugs and "knew that the ingestion of drugs [was] likely to cause an injury," the ingestion of the drugs caused an injury, and the loss resulted from the injury); *McLain v. Metro. Life Ins. Co.*, 820 F. Supp. 169, 179 (D.N.J. 1993) ("In deciding the second *Holsinger* factor, it is not necessary to find that he intended to kill himself. Rather, [the decedent] must have had a 'general cognizance' that the ingestion of cocaine could produce some injury and that the injury and death are causally related.").

In its initial letter denying the claim, Hartford wrote, "[T]he Policy does not cover any loss which is caused or contributed to by a self-inflicted injury. The evidence submitted in support of your claim clearly demonstrates that Mr. Martin's own volitional acts caused or contributed to the injury which resulted in his death." Hartford's letter denying Martin's appeal stated, "Mr. Martin's death occurred while participating in an autoerotic activity which was a deliberate act on his part. While he may have previously performed this voluntary act without suffering any harm to himself, he should have known or reasonable [*sic*] anticipated that injury or death could result from his actions." These interpretations of the "intentionally self-inflicted Injury" exclusion would exclude injuries resulting from merely negligent acts, even if the insured did not intend to inflict injury upon himself. And tellingly, the evidence submitted by Martin after receipt of such correspondence from Hartford addressed her husband's alleged negligence—tending to show, for instance, that he had engaged in similar conduct without apparent injury in the past—rather than the question whether his conduct, whenever undertaken, demonstrated an intent to injure himself.

Interpreting an exclusion for "*intentionally* self-inflicted Injury" to exclude even *negligently* self-inflicted injury is an abuse of discretion, and Hartford does not attempt to defend such an interpretation. To the extent that Hartford now offers a different rationale for its denial of Martin's claim after the completion of the claim's administrative review, Hartford failed to provide Martin with the "adequate notice . . . setting forth the specific reasons for such denial" and the "full and fair review" to which she is entitled. 29 U.S.C. § 1133. This change in plan interpretations prevented Martin from developing the administrative record regarding whether her claim falls within Hartford's new interpretation of the exclusion. "A full and fair review concerns a beneficiary's procedural rights, for which the typical remedy is remand for further administrative review." *Krauss*

4

*v. Oxford Health Plans, Inc.*, 517 F.3d 614, 630 (2d Cir. 2008); *see Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995) ("Because district courts are required to limit their review to the administrative record, it follows that, if upon review a district court concludes that the Trustees' decision was arbitrary and capricious, it must remand to the Trustees with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a 'useless formality.'").  Accordingly, the appropriate course here is to remand the case to the district court with instructions to return the case to Hartford for further proceedings in light of this order.

We have reviewed both parties' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **VACATED**, and the case **REMANDED** with instructions to return the case to Hartford for reconsideration in light of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5